## HAUFT v. DUNCAN ET AL.

Mortgage: DESCRIPTION: WILL. Where a certain undivided interest in real estate was bequeathed to a son and a life interest in certain other real estate to the widow, with directions that after her death it be sold and a distributive share given to the son, it was *held* that a mortgage executed by him before the death of the widow, embracing all the right, title and interest in the property bequeathed to him by the father, did not embrace the property included in the widow's life estate.

*Appeal from Louisa Circuit Court.*

FRIDAY, MARCH 19.

THIS controversy arises in the proceedings for the settlement of the estate of William Easton and Elizabeth Easton, deceased. The appellant herein claims to be entitled to the one-third proceeds of the sale of certain real estate formerly belonging to said decedents, and he makes this claim under a mortgage made by the appellee, O. W. Easton, to E. R. Stewart, and at the foreclosure of which the appellant purchased. The appellee, O. W. Easton, claims that the property sold by the executor, Duncan, was not embraced in the mortgage, and that the proceeds belong to him. The Circuit Court found for Easton. Plaintiff appeals.

*Hurley, Hale & Baldwin,* for appellant.

*Sprague & Riley,* for appellee.

COLE, J.—Prior to his death, William Easton made and published his last will, which was duly probated December 3, 1866. Among others, the will contained the following bequests:

"To my beloved wife, Elizabeth Easton, I will and bequeath the following real estate with the improvements thereon, and situated in the county of Louisa, and state of Iowa, and lying west of the public road from Columbus City to Cairo, and the one-fourth of thirty-eight acres of timber land, which is to be divided according to the quality of the timber, and located in the south-east quarter of section thirty-three, town-

ship seventy-four, range five, to have and hold the same with all the benefits and incomes therefrom arising during her natural life.

2d. To my son, Orlando W. Easton, and to my daughters, Jane Easton and Margaret M. Easton, I will and bequeath that portion of my real estate in Louisa county, Iowa, that lies east of the Columbus City and Cairo road, to be divided equal among them; and the remaining portion of the land in the south-east quarter of section thirty-three, township seventy-four, range five west, in Louisa county, to be divided equal among my sons and daughters according to the quality of the timber.

5th. At the death of my wife, I direct that the real estate left to her during life be sold, and the personal property, and the sum arising from such sale to be equally divided among my three children, Orlando W., Jane and Margaret M. Easton."

On March 28, 1868, O. W. Easton and wife executed a mortgage to E. R. Stewart to secure the payment of a note for $500, upon "the following described real estate, lying and being in the county of Louisa, and state of Iowa, to-wit: all our right, title and interest as heirs at law of the estate of Wm. Easton, late of Louisa county, Iowa, deceased, and bequeathed to us by the said Wm. Easton, deceased, the same being the undivided $\frac{1}{4}$ of the west $\frac{1}{2}$ of the east $\frac{1}{2}$ of the south-east $\frac{1}{4}$ of section 33, township 75, R. 4 west, and the undivided $\frac{1}{3}$ of the north $\frac{1}{2}$ of the north-west $\frac{1}{4}$, and the north $\frac{1}{4}$ of the south-east $\frac{1}{4}$ of the north-west $\frac{1}{4}$, and the north $\frac{3}{4}$ of the south-west $\frac{1}{4}$ of the north-west $\frac{1}{4}$ of section 5, township 74, range 5." This mortgage was foreclosed by decree September 21, 1870, and the sale and conveyance thereunder was made to this appellant June 30, 1871, for the aggregate consideration of $693.12.

At the date of the mortgage, and also at the time of the foreclosure and sale, Elizabeth Easton, the widow, was living; she died April 4, 1872, and Duncan was appointed her administrator on the 13th day of the same month. It appears from the testimony and the plat of the land, that a small part of the

land in some one or more of the descriptions in the mortgage, lies on the west side of the road, and therefore not embraced in the devise to the children; but the great bulk of the land devised to the widow is not embraced in the descriptions set out in the mortgage.

Upon all the facts of the case our opinion is in accord with that of the learned judge who tried the cause below. It seems to us that the manifest intent of the parties to the mortgage was to mortgage only that land, or the interest in it, which had been directly bequeathed to the mortgagor. The other had been devised to the widow and was not to come, even by way of remainder, to the mortgagor, but was to be sold and its proceeds distributed. The language of the mortgage is, "bequeathed to us," not bequeathed to another with remainder to us. The right of the mortgagee was limited to the interest bequeathed to the mortgagor in the land described in the mortgage.

AFFIRMED.